IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ADONIS MISAEL REYES LOBO, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. EP-25-CV-561-KC |
| § | |
| KRISTI NOEM et al., § | |
| § | |
| Respondents. § | |

## SHOW CAUSE ORDER

On this day, the Court considered Petitioner Adonis Misael Reyes Lobo's Petition for a Writ of Habeas Corpus ("Petition"), ECF No. 1, and his Motion for Temporary Restraining Order ("Motion"), ECF No. 2. For the following reasons, the Court **ORDERS** that the Motion is **DENIED**. It is further **ORDERED** that Respondents show cause why the application for a writ of habeas corpus should not be granted.

### I.  BACKGROUND

Reyes Lobos is a Honduran citizen who entered the United States in 2017 when he was thirteen years old and was deemed an "Unaccompanied Alien Child." Pet. ¶¶ 15, 22. He was served with a Notice to Appear, and removal proceedings were initiated against him. *Id.* ¶ 22. After about a month in detention, ICE released Reyes Lobo and placed him in the custody of his father in West Palm Beach, Florida. *Id.* "The removal proceedings did not continue after that date." *Id.*

In 2023, Reyes Lobo's mother filed a Form I-918A Petition for Qualifying Family Member of U-1 Recipient on his behalf. *Id.* ¶ 23. On November 14, 2024, Reyes Lobo was issued a Bona Fide Determination Notice, indicating that he warranted a favorable exercise of

discretion to receive employment authorization and deferred action.  *Id.*  He subsequently received employment authorization and a Social Security card.  *Id.*

On June 20, 2025, Reyes Lobo was detained by ICE during a traffic stop, for which no criminal charges resulted.  *Id.* ¶ 24.  Following his detention, DHS filed a new Notice to Appear, initiating new removal proceedings in Miami, Florida.  *Id.*  On August 12, an Immigration Judge ("IJ") in Miami terminated the removal proceedings on the basis that Reyes Lobo is prima facie eligible for a U-visa and has been granted deferred action.  *Id.* ¶ 25; *id.* App. 123–124, ECF No. 1-2.  However, days earlier, Reyes Lobo was transferred from Miami to the El Paso Soft-Sided Facility in El Paso, Texas.  Pet. ¶ 25.  After transfer, removal proceedings were re-initiated in El Paso.  *Id.*  On August 25, IJ Stephen Ruhle in El Paso denied a motion to terminate the new proceedings "on the basis that DHS has the prerogative to issue a new Notice to Appear and proceed with removal proceedings."  *Id.* ¶ 26.  An appeal of this decision has been preserved.  *Id.*  Reyes Lobo remains detained in El Paso "without the opportunity for a bond hearing before an IJ."  *Id.* ¶ 27.

On November 18, 2025, Reyes Lobo filed this Petition, challenging the legality of his detention on constitutional and statutory grounds, *id.* ¶¶ 105–152, 153–161, and asking the Court to order Respondents to release him or convene a bond hearing, *id.* at 74.  He also seeks a Temporary Restraining Order requiring his immediate release from ICE custody or a prompt bond hearing at which the government bears the burden of demonstrating flight or safety risk by clear and convincing evidence.  Mot. 26–27.

## II.     DISCUSSION

### A.     TRO Request

To prevail on a TRO request, a movant must show: "(1) a substantial likelihood of success on the merits, (2) a substantial threat that [the movant] will suffer irreparable harm if the injunction is not granted, (3) that the threatened injury outweighs any damage that the injunction might cause the [non-movant], and (4) that the injunction will not disserve the public interest." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (citing *Planned Parenthood of Hous. & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005)). "The last two factors merge when the government is the opposing party." *Nat. Ass. for Gun Rights, Inc. v. Garland*, 697 F.Supp.3d 601, 620 (N.D. Tex. 2023) (citing *Nken v. Holder*, 566 U.S. 418 (2009)).

"The purpose of a preliminary injunction [or TRO] is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

Reyes Lobo seeks a TRO compelling his release or a bond hearing. Mot. 26–27. At this juncture the Court can do no more than preserve the status quo. The current status quo is that Reyes Lobo is detained at El Paso Soft-Sided Facility. Pet. ¶ 25. And, even crediting Reyes Lobo's likelihood of success on the merits of his Petition, the Court cannot issue the ultimate relief requested until Respondents have an opportunity to respond. *See Sambrano*, 2022 WL 486610, at *4; *see also Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) ("[T]he Court pauses to note a temporary restraining order is meant only to 'preserve, for a very brief time, the status quo, so as to avoid irreparable injury . . .'") (citations omitted).

3

For this reason, Reyes Lobo's TRO request for immediate release or a bond hearing is denied, without prejudice to his ability to obtain such relief following a full consideration on the merits.

**B.    Show Cause**

"[A]n alien [may] rely on 28 U.S.C. § 2241 to challenge [their] detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).  Once a habeas application is filed, a court "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entailed thereto."  The statute also provides that a response to the writ or show cause order "shall be returned within three days," unless the court finds good cause to extend the deadline.  28 U.S.C. § 2243.

Notwithstanding the text of § 2243, the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") offer greater flexibility regarding response timelines.  Specifically, Habeas Rule 4 provides that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response, *within a fixed time*."  (emphasis added).

Although the Habeas Rules are primarily directed at § 2254 cases, they permit courts to apply them to habeas petitions filed under § 2241.  *See* Habeas Rule 1(b) ("The district court may apply any or all of these rules to [any] habeas corpus petition.").  District courts regularly exercise this discretion to apply the Habeas Rules to § 2241 cases and extend response deadlines beyond the three-day limit in § 2243.  *See, e.g.*, *Y.V.S. v. Wolf*, No. 3:20-cv-228-DCG, 2020 WL 4926545, at *1 (W.D. Tex. Aug. 21, 2020) (collecting cases and explaining that the "strict time limits prescribed by § 2243 . . . are subordinate to the district court's discretionary authority

4

under [Habeas] Rule 4."); *Taylor v. Gusman*, No. 20-cv-449, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020) ("[T]he Rules Governing Section 2254 Cases overrun 28 U.S.C. § 2243.").

Upon due consideration, the Court determines that Respondents must show cause why the Court should not grant Reyes Lobo the relief he seeks. Respondents are ordered to show cause by December 2, 2025.

### III.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** that the Motion, ECF No. 2, is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents shall **SHOW CAUSE** by <u>**no later than December 2, 2025**</u>, why the application for a writ of habeas corpus should not be granted. The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED this 18th day of November, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE